# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.504.8363

Fax. 212.473.8705

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

March 31, 2023

**VIA ECF**
The Honorable Magistrate Judge Taryn A. Merkl
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          **Re:**    **Erica Alejandra Gonzalez Porras v. IBX Construction, et al.**
                 **Case No.: 1:23-cv-01195-AMD-TAM**

Dear Magistrate Judge Merkl:

      This firm represents Plaintiff Erica Alejandra Gonzalez Porras ("Plaintiff") in the above-referenced matter. Plaintiff respectfully submits this letter to update this Court on the status of service on Defendants IBX Construction ("Defendant IBX") and Adriano Cassiano Ramos Verdi ("Defendant Verdi") (collectively, "Defendants") and to respectfully requests additional time to serve Defendants IBX and Verdi to and until April 28, 2023.

      Plaintiff has been attempting to serve the Defendants since September 22, 2022, and since her last letter to this Court [Dkt No. 6] where Plaintiff explained all her efforts to serve the Defendants, Plaintiff has now attempted service on Defendants on a total of seven (7) different occasions at five (5) separate addresses and unfortunately has not been able to effectuate service.

      On March 15, 2023, Plaintiff hired Demovsky Lawyer Service ("DLS") to continue her efforts in obtaining service addresses for Defendants and on March 17, 2023, received a new address in Hillside, New Jersey where Defendants could be served. Plaintiff also requested a New York and New Jersey business entity search for Defendant IBX but did not receive any positive results. Attached as **Exhibit A** are the emails between Plaintiff's counsel's office and DLS. In an attempt to continue her efforts to serve the Defendants Plaintiff attempted to serve the Defendants at the Hillside, New Jersey address on March 21, 2023, but the resident of that address stated that the Defendants did not reside there. Attached as **Exhibit B** are the emails between Plaintiff counsel's office and the process server regarding service of the Defendants at the Hillside, New Jersey address.

      On March 23, 2023, Plaintiff continued to search for addresses where Defendants could be served and again hired WritLegal to conduct a skip trace on the Defendants using the new address she obtained from DLS. On March 24, 2023, WritLegal returned its search results with a new Newark, New Jersey address and the same Irvington, New Jersey address where Plaintiff attempted to serve the Defendants on November 30, 2022 and also stated that Defendant Verdi renewed his license on June 22, 2022 using the Irvington, New Jersey address. Attached as **Exhibit C** are the

emails between Plaintiff's counsel's office and WritLegal. Therefore, on March 28, 2023, Plaintiff hired a process service to attempt service on the Defendants at the Newark, New Jersey address and again at the Irvington, New Jersey address. *See* **Exhibit B**. Plaintiff's counsel's office has been in constant contact with the process server, but the process server has not been able to complete service as he has received no answer at either addresses. Plaintiff has requested that attempts at these two addresses continue to be made until the server can speak to a tenant.

## AN EXTENSION OF TIME IS WARRANTED FOR GOOD CAUSE

It is respectfully submitted that an extension of time pursuant to FRCP Rule 4(m) should be granted. FRCP Rule 4(m) "governs…extensions of the time in which service mat be effected." Zapata v. City of New York, 502F.3d 192, 195 (2d Cir. 2007). Under Rule 4(m):

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In determining whether a plaintiff has shown "good cause" for failure to effectuate timely service, courts consider (1) the reasonableness and diligence of Plaintiff's efforts to serve process, and (2) the prejudice to the defendants from the delay. **See** *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)(quoting *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y.1999)(internal quotation marks omitted.)).

Here, Plaintiff has exercised diligence in attempting to obtain the contact information necessary to serve Defendants IBX and Verdi and has attempted to serve the Defendants on seven (7) different occasions but has been prevented from doing do by circumstances beyond her control. Further, there is no prejudice to any of the Defendants due to the delay in service.

## ALTERNATIVE METHODS OF SERVICE ARE APPROPRIATE HERE

In requesting alternative service, the plaintiff "must make some showing that the other prescribed methods of service could not be made." *D.R.I., Inc. v. Dennis*, 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004), This showing, however, need not include proof of due diligence or actual attempts, but that "actual prior efforts" were made to serve defendant. *Hollow v. Hollow*, 193 Misc. 2d 691, 693, 747 N.Y.S.2d 704, 706 (Sup. Ct. Oswego Co. 2002).

The Court must then determine the alternative service method is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA, Inc. v. Veles Ltd.*, 2007 WL 75412, at *2 (S.D.N.Y. Mar. 12, 2007) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652 (1950)).

Here, Plaintiff has been attempting to serve the Defendants since September 22, 2022 and has made every effort possible to locate and serve the Defendants to no avail. Therefore, Plaintiff respectfully requests that the Court allow her to serve interrogatory demands on Defendants Bolex GC Corp ("Defendant Bolex") and Boris Babakhanov ("Defendant Babakhanov") to attempt to obtain email addresses where Defendants IBX and Verdi could be served.

## **THE COURT MAY AUTHORIZE SERVICE BY ELECTRONIC MAIL**

"Federal courts have traditionally incorporated advances in telecommunications technology to methods of notice giving." *Philip Morris*, 2007 WL 725412, at *2. Once such advance in the use of e-mail to serve process on defendant and courts have readily accepted this as a proper means of serving a defendant. Id. (authorizing service by e-mail and fax).

Here, since Plaintiff's continuous efforts to serve the Defendants via personal service have been unsuccessful. The service of the Defendants via email may help avoid any further delays and cause that service against the Defendants be finalized.

In light of the afore-mentioned, counsel for Plaintiff writes to respectfully request that the Court issue an Order pursuant to FRCP Rule 4 extending the time for Plaintiff to effect service on Defendants IBX and Verdi from March 31, 2023, to and including April 28, 2023, (ii) allowing Plaintiff to serve interrogatory demands on Defendants Bolex and Babakhanov to attempt to obtain email addresses for the Defendant, and (iii) authorizing an alternative method of service via email upon the Defendants.

This is Plaintiff's second request for such an extension of time.

We thank the Court for its time and attention to this matter and its consideration of this request.

Respectfully submitted,

GODDARD LAW PLLC
*Attorney for Plaintiff*

By: *Megan S. Goddard*
Megan S. Goddard, Esq.

cc: All Counsel of Record [*Via ECF*]