**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------
ERICA ALEJANDRA GONZALEZ PORRAS,

                                  Plaintiff,

                        -against-

IBX CONSTRUCTION, BOLEX GV CORP,
ADRIANO CASSIANO RAMOS VERDI, and
BORIS BABAKHANOV

                              Defendants.
-------------------------------------------------------------X

Case No. 1:23-cv-01195

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS
BOLEX GC CORP. AND BORIS BABAKHANOV'S MOTION TO DISMISS**

---

**GODDARD LAW PPLC**

39 Broadway, #1540
New York, New York 10006
(646) 504-8363

*Attorneys for Plaintiff*

**Date of Service: September 29, 2023**

Plaintiff, Erica Alejandra Gonzalez Porras (hereinafter "Plaintiff" or "Ms. Porras"), respectfully submits this Memorandum of Law, in opposition to Defendant BOLEX GC Corp., ("Defendant Bolex") and Defendant Boris Babakhanov's ("Defendant Babakhanov" and collectively, with Defendant Bolex, the "Bolex Defendants") Motion to Dismiss all of Plaintiff's claims against it pursuant to the Federal Rules of Civil Procedure (12(b)(6). For the purposes of this Motion to Dismiss, this Court must accept Plaintiff's allegation as true and denied the Bolex Defendants' motion in its entirety. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## PRELIMINARY STATEMENT

Plaintiff is a construction worker who, while performing labor at a construction project located at 136-21 Hillside Avenue, Richmond Hill, New York 11418(the "Hillside Site") experienced rampant sexual harassment and retaliation (see Dkt. No. 29, Plaintiff's Second Amended Complaint, hereinafter the "Complaint"). In her Complaint Plaintiff asserts causes of action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290, *et. seq.* ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"); the New York State Equal Pay provisions of the New York Labor Law ("NYLL"), and the overtime and wage provisions of the NYLL, §§ 191, 194, *et. seq.* In her Complaint, Plaintiff has brought causes of action against both her formal employers—subcontractor Defendant IBX and Defenant IBX's owner, Defendant Adriano Cassiano Ramos Verdi (collectively the IBX Defendants)—as well as her constructive employers, the Bolex Defendants, who were the general contractors of the Hillside Site.

In their instant Motion to Dismiss, the Bolex Defendants argue that this Court should take the drastic measure of dismissing all claims against them, arguing that they were not Plaintiff's

joint-employer. Accordingly, the Bolex Defendants argue that, despite closely supervising Plaintiff at the Hillside Site, they are not responsible for the egregious sexual harassment, retaliation and wage violations which Plaintiff was subjected to.  Yet, the Bolex Defendants' instant motion, ignores the fact that Plaintiff contains numerous allegations that the Bolex Defendants were Plaintiff's joint employers as defined by Title VII, the NYSHRL, the NYCHRL and Title VII.

As an initial matter, Courts have found dismissal of a workplace discrimination case is "ordinarily inappropriate," at the Complaint stage,[1] particularly because certain facts and information is particularly within a defendant's possession.  Additionally, the Second Circuit has time and time again held that F.R.C.P. (12)(b)(6) dismissals hinging on the issue of whether a defendant was a joint-employer are entirely improper, as the existence of a joint employer relationship, is a "factual issue" that cannot be resolved based on the complaint alone. (see e,g, *Clinton's Ditch Co-op Co., Inc. v. NLRB*, 778 F.2d 132, 136 (2d Cir. 1985); *see also Dias*, 2009 U.S. Dist. LEXIS 17562, 2009 WL 595601.,*5 (EDNY 2009)(finding that the issue of defendant's status as a potential joint-employer was "essentially [a] factual question[] that [could] not be disposed of on a motion to dismiss") (citations omitted); *see also Ayala v. Metro One Sec. Sys., Inc.*, No. 11-CV-233 JG ALC, 2011 U.S. Dist. LEXIS 42325, *6 (E.D.N.Y. Apr. 19, 2011) (defendant's status as a single or joint-employer is "generally not suited to resolution on a motion to dismiss").

Ultimately, the Bolex Defendants place a faulty sense of reliance on their title of "general contractor" at the Hillside Site, as they utterly fail to acknowledge the significant supervision and control which they had over Plaintiff.  Accordingly, as established further below, the Bolex

---

[1] This is particularly true because these cases usually require an exploration into an employer's true motivation and intent for making a particular employment decision. *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir. 1984).

Defendants have utterly failed to assert grounds for dismissal of Plaintiff's employment discrimination and NYLL claims.

## STATEMENT OF RELEVANT FACTS

For a complete statement of relevant facts, the Court is respectfully referred to the allegation in Plaintiff's Second Amended Complaint, which must be accepted as true on a motion to dismiss (Dkt. 29).

## POINT I

## APPLICABLE LEGAL STANDARDS

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" (Fed. R. Civ. P. 8(a)(2)).  Moreover, Rule 8(e) requires that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8.

Accordingly, to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead facts sufficient to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff satisfies this "plausibility" standard when he or she "pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As the Supreme Court has made clear, "the plausibility analysis 'does not impose a probability requirement at the pleading stage,' but requires the complaint to provide 'enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality.' *Griffith v. Coney Food Corp.*, 2020 U.S. Dist. LEXIS 148099, *6-7, quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556)." The Second Circuit has interpreted *Twobly* to "require[e] a flexible 'plausibility standard ,' which obliges a pleader to amplify a

claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," "rather than require a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

Additionally, the Second Circuit has held that the *Twobly* and *Iqbal* plausibility standards do not prevent a plaintiff in a civil action from pleading facts alleged upon information and belief, where certain facts, are peculiarly within the knowledge and control of defendant. *see Boykin v. KeyCorp*, 521 F.3d 202, 515 (2d Cir. 2008). Indeed, this is the case here, where Plaintiff is not privy to the terms of the subcontracting agreement which Defendant IBX had with Defendant Bolex.

Moreover, in discrimination cases, the Second Circuit has specifically held that "[a] complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, 'the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim.'" *Barbosa v. Continuum Health Partners, Inc*., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010)(citations omitted). Plausibility rests on whether "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678. Accordingly, dismissal is not proper unless it seems, "beyond doubt" that the plaintiff will not be able to ever establish a "set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This rule is of particular importance in civil rights cases, particularly employment discrimination suits. *DeMartino v. New York,* 586 F. App'x 68 (2d Cir. 2014)(citing *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998) (regarding case involving civil rights violations); *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir. 1984).

Ultimately, Plaintiff has more than sufficiently pled facts which entitle her to the relief sought.

## POINT II

**PLAINTIFF HAS SUFFICIENTLY PLED SEXUAL HARASSMENT/GENDER DISCRIMINATION, AND RETAILIATION AGAINST THE BOLEX DEFENDANTS UNDER TITLE VII, the NYSHRL and NYCHRL**

Title VII, the NYSHRL and NYCHRL all prohibits employers from discrimination g against an individual with respect to the terms, conditions or privileges of employment based upon the person's status as a protected class members (see Title VII, 42 U.S.C. § 2000e-2, the NYSHRL,  N.Y. Exec. Law § 290, *et. seq*., and the NYCHRL, N.Y.C. Admin. Code § 8-107 ("NYCHRL"),).   Additionally, all three statutes prohibit an employer from retaliating against an employee based on that employee's having opposed, complained of, or sought remedies for unlawful workplace discrimination. *Id*.

Here, Plaintiff has sufficiently pled sexual harassment, discrimination and retaliation under all three statutes.[2]  Indeed, the Bolex Defendants do not contend otherwise, and do not dispute the merits of Plaintiff's claims. Rather, the Bolex Defendants merely argue that they are not "Covered Employers" under these three statutes.  Specifically, the Bolex Defendants contend that: (1) they were not Plaintiff's formal employer and; (2) Plaintiff has not pled that Defendant Bolex GC employed the threshold number of Defendants under Title VII, NYSHRL and NYCHRL. Dkt. 34, Def. Memorandum of Law in Support of their Motion to Dismiss..

A. *Plaintiff has Sufficiently Pled that The Bolex Defendants are Covered Employers under a Joint-Employer Theory*
   B.
While an employee-employer relationship is a necessary element of a sufficiently pled Title VII, NYSHRL or NYCHRL discrimination and retaliation claim, an employee is not,

---

[2] Hostile work environment sexual harassment claims brought under NYSHRL, have until recently, been judged by the same standard as VII hostile work environment claims. *see Summa v. Hoftra Univ.*, 708 F.3d 115, 123-124 (2d Cir. 2013.  However, based on a 2019 amendment to the NYSHRL which removed the "severe and pervasive" requirement, courts have evaluated NYSHRL on a more lenient standard, similarly to the NYCHRL. *see Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, No. 2 Civ. 02512 (CM, 2022 WL 524551, at *9 (SDNY Feb 22, 2022).

"squarely limited to claims against his or her *formal* employer.'" *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022)[emphasis in original].  Indeed, employees may assert discrimination and retaliation claims against a "constructive employer," or an "entity that shares in controlling the terms and conditions of Plaintiff's employment. *Id*; *see also Knight v. State Univ. of New York at Stony Brook*, 880 F.3d 636, 642 (2d. Cir 2018). The joint employer doctrine allows an employee who is "formally employed by one entity . . . to impose liability on another" based on "the relationship between two possible employers." *Id*.  In other words, under this constructive employment/joint-employer doctrine, "a worker may be employed by more than one entity at the same time." *Zheng v. Liberty Apparel Co*., 355 F.3d 61, 66 (2d Cir. 2003).

The Second Circuit has considered two employers "joint" when they are "separate legal entities, but . . . handle certain aspects of their employer-employee relationship jointly." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005). Specifically, when determining a "joint employer relationship, courts look to common law principles, seeing if both entities "share significant control of the same employee.'" *Pappas v. XP Controle Participações S.A.*, No. 19-CV-11137, 2023 U.S. Dist. LEXIS 9049, *4 (S.D.N.Y. Jan. 18, 2023) (quoting *Felder*, 27 F.4th at 843).

In determining joint employer status in the context of employment discrimination cases, courts look to whether the defendant exercised "immediate control" over the other company's employees. *See, e.g., Fowler v. Scores Holding Co., Inc.*, 677 F. Supp. 2d 673, 681 (S.D.N.Y. 2009) (applying "immediate control" test to Title VII claim); *Brankov v. Hazzard*, 142 A.D.3d 445, 445-46, 36 N.Y.S.3d 133 (1st Dept. 2016) (applying "immediate control" test to NYCHRL claim); *see also Kology v. My Space NYC Corp.*, 177 F. Supp. 3d 778, 782 (E.D.N.Y. 2016) ("The analysis used to determine whether an entity is an individual's employer pursuant to the

NYSHRL and NYCHRL is substantially the same as that used under Title VII."). While Courts have used certain factors under both federal and state discrimination laws to access an entity's "immediate control" of an employee,[3] the guiding principle is control, and thus "any relevant factor may be considered so long as it is drawn from the common law of agency and all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Chavannes v. Bronx Parent Hous. Network, Inc.*, No. 21-CV-05060, 2022 U.S. Dist. LEXIS 163258, 2022 WL 4124762, at *3 (S.D.N.Y. Sept. 9, 2022). "These factors include 'control over an employee's hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance and payroll.'" *Id.* (quoting *Felder*, 27 F.4th at 838); *see also Moody v. Empire Hotel Dev., Inc.*, 2023 U.S. Dist. LEXIS 151515, *13-14).

Here, the Bolex Defendants argue that Plaintiff has not sufficiently pled that the Bolex Defendants are "joint employers" under Title VII, NYSHRL and NYCHRL. (Def. MOL, Dkt. 34, p. 7). Specifically, the Bolex Defendants argue that Plaintiff has only pled "legal conclusions" as to: (1) that Defendant Bolex has the requisite number of employees, and; (2) whether the Bolex Defendants exercised enough control to constitute joint employers under the discrimination statutes. *Id.*

The Bolex Defendants arguments lack any merit, and their reliance on, and citation to decisions of summary judgment motions, are entirely misplaced and improper. As an initial matter, Plaintiff has met her notice pleading requirements, as, it is undisputed that she has pled several times in her Complaint that the Defendant Bolex had fifteen or more employees and exercised the requisite supervision and control to constitute a "joint employer" (*see* Second

---

[3] These factors include "commonality of hiring, firing, discipline, pay, insurance, records, and supervision." *See NLRB v. Solid Waste Servs., Inc.*, 38 F.3d 93, 94 (2d Cir. 1994); *Brankov*, 142 A.D.3d at 446 (enumerating the same relevant factors).

Amended Complaint, Dkt. No. 29, para 27-31, para. 33, 34, 101-103, 106).  Indeed, the Bolex

Defendants' fail to acknowledge that many other complaints employment discrimination

complaints, with far fewer factual allegations regarding joint employment, have survived their

respective defendants' motions to dismiss. see e.g. *Huan Wang v. Air China Ltd.*, 2019 U.S. Dist.

LEXIS 97160 (E.D.N.Y. 2019) (denying Air China's motion to dismiss, holding that its status as a

potential joint employer  was premature at the motion to dismiss stage); *Popat v. Levy*, 328 F. Supp.

3d 106 (W.D.N.Y 2018) (finding that joint employer status cannot be determined at the pleading

stage); *Moussa Hassanein v. Gino's Italian Rest.*, 2016 U.S. Dist. LEXIS 192793, at \*18-19

(E.D.N.Y. 2016) (denying a motion to dismiss a plaintiff's employment discrimination claims,

holding that "the existence of a joint employer relationship is "essentially a factual issue" that cannot

be resolved based on the complaint alone"); *St. Jean v. Orient-Express Hotels, Inc.*, 963 F. Supp. 2d

301, 308 (S.D.N.Y. 2013) (holding that whether defendants were plaintiff's joint employers was a

question of fact that could not be determined at a motion to dismiss stage); *Barbosa v. Continuum*

*Health Partners, Inc*., 716 F Supp 2d 210, 219 (S.D.N.Y. 2010); *Ayala v. Metro One Sec. Sys., Inc*.,

2011 U.S. Dist. LEXIS 42325 (E.D.N.Y. 2011) (finding that the question of whether the defendant

was a single employer is "generally not suited to resolution on a motion to dismiss"); *Dias v. Cmty.*

*Action Project, Inc*., 2009 U.S. Dist. LEXIS 17562, at \*17 (E.D.N.Y. 2009)

  Lastly, Plaintiff has more than sufficiently pled that Defendant Bolex had the requisite

number of employees and thus was an employer under Title VII, as well as the NYSHRL, with

the NYSHRL classifying employers as having at least four employees.[4]  Contrary to the Bolex

Defendants' convoluted argument, " joint employment 'assumes that [there] are separate legal

entities, but that [the entities] handle certain aspects of their employer-employee relationship

---

[4] Contrary to Defendants' contentions, the NYCHRL's prohibition on sexual harassment applies to all employers, regardless of size. (See NYCHRL, NYC Admin. Code 8-102).

jointly.'" *Dias v. Cmty. Action Project, Inc.*, No. 07-CV-5163, 2009 U.S. Dist. LEXIS 17562, 2009 WL 595601, at *3 (E.D.N.Y. Mar. 6, 2009) (alteration in original) (quoting *Arculeo v. On-Site Sales & Mktg, LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). Accordingly, under the joint employer doctrine, employees who are actually jointly employed by two entities can be aggregated for Title VII purposes. *Ingenito v. Riri USA, Inc.*, 2013 U.S. Dist. LEXIS 27333, *15-16 (citing *Dias*, 2009 U.S. Dist. LEXIS 17562, 2009 WL 595601, at *3).

<u>POINT III</u>
<u>PLAINTIFF HAS SUFFICIENTLY PLED HER NYLL CLAIMS</u>

Similarly, to the discrimination statutes, to be liable under the NYLL, an individual or an entity must be the "employer" of the party seeking recovery. NYLL 190(3); *see also Benitez v. Demco of Riversale*, LLC, 2015 U.S. Dist. LXIS 220325, at *3. The definition of "employer" under the NYLL is quite broad, defined as "any person…employing any individual in any occupation, industry, trade, business or service" or "any individual…acting as employer." NYLL 190(3), 651(6). Similarly, the definition of being "employed" under the NYLL is quite expansive and is defined as a person who is "permitted or suffered to work." *Id*.

Whether an employer-employee relationship exists is grounded in "economic reality rather than technical concepts." *Olvera*, 73 F. Supp. 3d at 206; *Barfield v. New York City Health & Hospitals Corp*., 537 F.3d 132, 141 (2d Cir. 2008). "Above and beyond the plain language, moreover, the remedial nature of the law further warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2d Cir. 1984)).

Accordingly, the determination of whether the Bolex Defendants are Plaintiff's joint employers is viewed in light of economic reality, and based on "the circumstances of the whole

activity," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), viewed in light of

economic reality; *see also Barfield*, 537 F.3d at 141–42 (employment is "to be determined on a

case-by-case basis by review of the totality of the circumstances").

In assessing economic reality, the Second Circuit has articulated two tests for

determining whether an employment relationship existed for the purposes of the FLSA, one

relating to formal control, the other to functional control. *Olvera*, 73 F. Supp. 3d at 205.

These tests have been consistently used for purposes of the NYLL as well. *Id.,* at 206. The

*formal control* test asks, "whether the alleged employer (1) had the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employment

records." *Carter*, 735 F.2d at 12 (quoting *Bonnette v. Calif. Health & Welfare Agency*, 704

F.2d 1465, 1470 (9th Cir. 1983)). Importantly, however:

> Formal control does not require continuous monitoring of employees,
> looking over their shoulders at all times, or any sort of absolute control
> of one's employees. Control may be restricted, or exercised only
> occasionally, without removing the employment relationship from the
> protections of the FLSA, since such limitations on control do not
> diminish the significance of its existence.

*Hart v. Rick's Cabaret Int'l, Inc*., 967 F. Supp. 2d 901, 939 (S.D.N.Y. 2013) (citing *Herman*,
172 F.3d at 139) (internal quotation marks omitted).

As to the functional control test, the Second Circuit has identified a number of factors

pertinent to determining whether a person or entity, even if lacking formal control, exercised

"functional control" over an employee. Specifically, in subcontractor cases, such as here, the

Second Circuit has articulated the following as pertinent, although not exclusive, factors:

> (1) whether [the alleged employers'] premises and equipment were used
> for the plaintiffs' work; (2) whether the [subcontractors] had a business
> that could or did shift as a unit from one putative joint employer to

another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the alleged employers'] process of production; (4) whether responsibility under [*206] the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employers].

*Zheng v. Liberty Apparel Co. Inc*., 355 F.3d 61, 71-72 (2d Cir. 2003), *accord Barfield v. N.Y.C. Health & Hosp. Corp*., 432 F. Supp. 2d 390, 392-93 (S.D.N.Y. 2006), *aff'd*, 537 F.3d 132 (2d Cir. 2008).

Accordingly, an entity can be a joint employer even when it does not hire and fire its joint employees, directly dictate their hours, or pay them. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 70 (2d Cir. 2003).

The Bolex Defendants' argument to dismiss Plaintiff's NYLL claims is once again premised on the misplaced belief notion that there is no employer/employee relationship between them. However, Plaintiff's Second Amended Complaint pleads sufficient facts to support the theory that the Bolex Defendants are her employer under the broad definition of employer under the NYLL. Contrary to the Bolex Defendants' arguments, Plaintiff's Complaint lists numerous separate factual allegations regarding Bolex Defendants control over Plaintiff . Ultimately, "[t]he appropriate time to adjudicate such issues is on a motion for summary judgment, when the plaintiffs have had an opportunity for discovery." See, e.g., *Cano v. DPNY,* Inc., 287 F.R.D. 251 (S.D.N.Y. 2012).

**Since Plaintiff Has Sufficiently Plead the Bolex Defendants Are Plaintiff's Employer, they Are Jointly and Severally Liable To Plaintiff**

In Section C(1) of its Memorandum of Law, the Bolex Defendants appear to argue that even if they were Plaintiff's joint employer, they could not be held liable under the respective discrimination statutes because Plaintiff did not allege that the Bolex Defendants were aware of or engaged in any unlawful conduct.  (Def. MOL, Dkt. 34,  p. 8).  Yet, besides the fact that Plaintiff has painstakingly alleged that the Bolex Defendants were aware of the rampant sexual harassment which Plaintiff faced, the Bolex Defendants create their own rule on what constitutes liability for sexual harassment under the respective discrimination statutes.  Indeed, the NYCHRL provides for strict vicarious liability on all employers for the unlawful harassment of a supervisor, whether or not the employer was actually aware of the supervisor's conduct.[5]

Regardless, the Bolex Defendants cite to summary judgment motions, a completely different standard on motions to dismiss.  Yet even comparing these cases proves fatal since, in *Toledo v. Unibud*, the Southern District since the sexual harassment in that case was far more remote, happening via telephone and text messages. Here, Plaintiff has alleged that a substantial portion of the sexual harassment occurred at the very worksite where the Bolex Defendants spent hours each day. Indeed, this case is more analysis to *E.E.O.C v. Skanska*, 550 F. App'x 253, 253 (6th Cir.  2013), where the Sixth Circuit reversed the district court's motion for summary judgment, finding that while a general contractor was no the direct employer of the individuals at issue, it was nevertheless liable under Title VII for the alleged sexual harassment discrimination as a joint employer with the subcontractor (*see Toledo*, 2022 U.S. Dist. LEXIS 10059, 3-4 (distinguishing Toledo from the  EEOC, finding that in EEOC, the general contractor had an intense supervisory

---

- [5] The *Faragher-Ellerth* affirmative defense to supervisor liability is not available under the NYCHRL. See Faragher v. City of Boca Raton, 524 U.S. 775 (1998). See also Faragher-Ellerth Provision for Summary Judgment Brief and Harassment Claim Prevention and Defense.

role compared to the subcontractor, and had the power to do things such a removed operators form

the site, etc etc (id).  Just as was the case in *Toledo*, the IBX defendants had little if any supervisory

role for the entire first month of Plaintiff's work at the Hillside site, since Defendant Verdi was on

vacation.  Moreover, plaintiff has alleged that Bolex Defendants exercised absolute control, citing

to all of the supervision which they employed on the construction site.  Regardless, these issues are

not appropriate on a motion to dismiss.


**POINT IV**
**PLAINTIFF HAS SUFFICIENTLY PLED HER EQUAL PAY ACT CLAIM**

The Bolex Defendants argue that Plaintiff has not sufficiently pled her New York Equal

Pay Act Claim, codified under the New York Labor Law as NYLL §194. To state a claim under

the New York State Equal Pay Act, a plaintiff must allege that: "i) the employer pays different

wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring

equal skill, effort, and responsibility; and iii) the jobs are performed under similar working

conditions." *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001) (quoting *Belfi v.*

*Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999)); *see also Rose v. Goldman, Sachs, & Co., Inc.*,

163 F. Supp. 2d 238, 243 (S.D.N.Y. 2001)).


**POINT V**
**THE COURT HAS SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S NYLL**
**CLAIMS[6]**

***There is a Common Nucleus of Operative Fact***

If a court has original jurisdiction under 28 U.S .C. § 1367, it also "shall have supplemental

---

[6] The cases Defendants cite are distinguishable. Plaintiff has adequately pleaded an injury in fact stemming from
Defendants' violation of .In <u>Metcalf v. TransPerfect Translations Int'l, Inc.</u>, 632 F. Supp. 3d 319 (S.D.N.Y. 2022),
which Defendants cite, the Court recognized that other plaintiffs could demonstrate a "concrete harm" based upon a
violation of wage notification violations of NYLL."If putative class members indeed reviewed the wage statements
and, based on this review, wrongly believed that they were being paid fully and therefore failed to take action to
correct the situation, this would likely constitute "concrete harm" that is sufficient for standing." *Id.* at 340. Plaintiff
in the case at bar has sufficiently pleaded a concrete harm.

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy when they arise out of a "common nucleus of operative fact." *Briarpatch Ltd., v. Phoenix Pictures, Inc.,* 373 F.3d 296, 308 (2d Cir.2004) (internal quotation marks omitted); *Treglia v. Town of Manlius,* 313 F.3d 713, 723 (2d Cir.2002) (exercise of supplemental jurisdiction proper where state and federal claims derive from "approximately the same set of events").

"Typically, supplemental jurisdiction is appropriate for claims during the employment relationship because those claims arise from the same underlying factual basis." *Rivera v. Ndola Pharmacy Corp.,* 497 F.Supp.2d 381, 393 (E.D.N.Y.2007).  Once the court has found a common nucleus, it may only decline supplemental jurisdiction over related claims if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

> 28 U.S.C. § 1367(c); *see also Shahriar v. Smith & Wollensky Restaurant Group, Inc.,* 659 F.3d 234, 245 (2d Cir.2011)

Here, it is clear that Plaintiff's VII claims based on sexual harassment and retaliation, derive from the same common nucleus of fact as her NYLL wage claims (*see e.g. Rivera v. Ndola Pharm. Corp*., 497 F. Supp. 2d 381 (EDNY June 29, 2007 [the reverse situation, where subject matter jurisdiction was based on FLSA, and Court exercised supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL]) . Indeed, Plaintiff's NYLL claims all hinge allegations that she was paid less than her male co-workers, and that she was demoted and her pay was threatened to be lowered after she refused Defendant Verdi's sexual advances.  Indeed, even in cases where

20

an individual plaintiff does not have FLSA claims, but only Title VII claims, the Court has decided to exercise supplement jurisdiction. *See e.g Fallon v. 18 Greenwich Ave., LLC*, No. 19 CV 9579, 2021 U.S. Dist. LEXIS 54640, at *19 (S.D.N.Y. Mar. 23, 2021) (exercising supplemental jurisdiction over a non-FLSA plaintiff's NYLL claims, finding the common nucleus test satisfied). *see also Ortega v. Champion Room BK, Inc*., 2023 U.S. Dist. LEXIS 145790, *19-20

### This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's NYCHRL and NYSHRL

Ironically after removing this case to Federal Court based on Plaintiff's Title VII claims, the Bolex Defendants now claim that the NYCHRL and the NYSHRL claims "predominate" over the Title VII claims. (Dkt. No. 34, p. 21). Yet, besides the fact that the Bolex Defendants should be estopped from making the argument that the state law claims predominate,[7] Defendants convoluted argument is entirely incorrect.

### NYCHRL

"While it is well-established in the Second Circuit that claims brought under NY[S]HRL are 'analytically identical' to claims brought under Title VII, same is not true for NYCHRL claims. *EEOC v. VAMCO Sheet Metals, Inc.*, 2014 WL 2619812 (SDNY June 5, 2014)(internal citations and quotations omitted][citing *Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102, 108–09 (2d Cir.2013)* (noting that courts "must analyze NYCHRL claims separately and independently from any federal and state law claims").

Accordingly, while NYCHRL "creates a lower threshold for actionable conduct and must

---

[7] "Judicial estoppel generally prevents a party from making a claim at one phase of a case or in an earlier proceeding and then making an inconsistent, incompatible, or contrary claim during a later phase or proceeding 'according to the exigencies of the moment.'" *Life Investors Ins. Co. of Am. v. Corrado*, 804 F.3d 908, 914 (8th Cir. 2015) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)).  Here, the Bolex Defendants' after removing the case to Federal Court, nonsensically appear to claim that Plaintiff brought her Title VII to get her case into federal court (see Dkt. No. 34, p.22 ["Plaintiff uses a straight-forward Title VII claims [sic] as the federal lynchpin to various state and city laws, including wage claims that do not have any federal counterpart, into federal court."]).

20

be construed broadly in favor of discrimination plaintiffs….[this] does not, however, invariably prohibit such claims from being tried concurrently.  (*EEOC v. VAMCO Sheet Metals, Inc.*, 2014 WL 2619812 (SDNY June 5, 20149internal citations and punctuation omitted][citing, inter alia, *Sampson v. City of New York*, No. 07 Civ. 2836, 2009 WL 3364218, at *7 (S.D.N.Y. Oct.19, 2009) (finding supplemental jurisdiction appropriate where plaintiff's state and local claims derived from same operative facts as federal claims).

Indeed, directly contrary to the Bolex Defendant's contentions, that a separate state law case would promote judicial economy and fairness (Dkt. 34, p. 23), a separate state lawsuit would just result in confusing and duplicative litigation.  *International Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC*, 470 F.Supp.2d 345, 357–58 (S.D.N.Y.2007) (retaining jurisdiction over state and local law claims to "avoid the potential for duplicative litigation over the same conduct"). Indeed, contrary to the Bolex Defendants' nonsensical arguments, requiring Plaintiff's to file a separate lawsuit in state court goes against the values of "judicial economy, convenience, fairness, and comity.

## **CONCLUSION**

For all these reasons, the Court should deny Defendants' motion to dismiss Plaintiff's Complaint in its entirety.  If the Court determines that Plaintiff's Complaint is subject to dismissal in any part, Plaintiff respectfully requests leave to amend to correct any deficiencies.

GODDARD LAW PLLC
Attorneys for Plaintiff
By: s/Megan S. Goddard
Megan S. Goddard, Esq.
Rachel R. Feingold, Esq.
39 Broadway, Suite 1540
New York, NY 10006
Office: (646) 964-1178