**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**----------------------------------------------------------------X**
**ERICA ALEJANDRA GONZALEZ PORRAS,** **Case No.: 23-CV-01195 (AMD)(TAM)**

**Plaintiff,**

**-against-**

**IBX CONSTRUCTION, BOLEX GC CORP, ADRIANO CASSIANO RAMOS VERDI, and BORIS BABAKHANOV,**

**Defendants.**
**----------------------------------------------------------------X**

**DEFENDANTS BOLEX GC CORP. AND BORIS BABAKHANOV'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(516) 328-8899

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** .......... 1

**ARGUMENT** .......... 1

**POINT I**
**PLAINTIFF CANNOT DEFEAT DISMISSAL OF HER DISCRIMINATION/RETALIATION CLAIMS AGAINST THE BOLEX DEFENDANTS** 1

**POINT II**
**PLAINTIFF CANNOT DEFEAT DISMISSAL OF HER NYLL CLAIMS** .......... 5

**POINT III**
**THE COURT LACKS AND/OR SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER HER STATE/CITY LAW CLAIMS** .......... 8

**POINT IV**
**PLAINTIFF CONCEDES THAT HER TITLE VII CLAIMS SHOULD BE STAYED IN THE EVENT THE COURT DISMISSES HER NON-FEDERAL CLAIMS** .......... 11

**CONCLUSION** .......... 11

# TABLE OF AUTHORITIES

## Cases

Ayala v. Metro One Sec. Sys., Inc., 2011 U.S. Dist. LEXIS 42325 (E.D.N.Y. 2011) .................. 4
Barbosa v. Continuum Health Partners, Inc., 716 F Supp 2d 210 (S.D.N.Y. 2010)...................... 4
Cano v. DPNY, Inc., 287 F.R.D. 251 (S.D.N.Y. 2012)............................................................ 7
Chavannes v. Bronx Parent Hous. Network, Inc., 2022 U.S. Dist. LEXIS 163258, at *3 (S.D.N.Y. 2022) ............................................................................................................ 3
Dias v. Cmty. Action Project, Inc., 2009 U.S. Dist. LEXIS 17562 (E.D.N.Y. 2009) ................ 2,4
E.E.O.C. v. Skanska, 550 F. App'x 253 (6th Cir. 2013), ............................................................ 5
Fallon v. 18 Greenwich Ave., LLC, 2021 U.S. Dist. LEXIS 54640, at *19 (S.D.N.Y. 2021) ....... 9
Felder v. United States Tennis Ass'n, 27 F.4th 834, 838 (2d Cir. 2022)....................................... 3
Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd., 2014 U.S. Dist. LEXIS 116313, at *4 (E.D.N.Y. 2014)........................................................................................................... 8,11
Huan Wang v. Air China Ltd., 2019 U.S. Dist. LEXIS 97160 (E.D.N.Y. 2019) .......................... 4
In re Adelphia Recovery Tr., 634 F.3d 678, 695-96 (2d Cir. 2011). ........................................... 10
Ingenito v. Riri USA, Inc., 2013 U.S. Dist. LEXIS 27333 (E.D.N.Y. 2013) ................................ 2
International Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC, 470 F.Supp.2d 345 (S.D.N.Y. 2007)......................................................................................... 9, 10
Lavin-McEleney v. Marist Coll., 239 F.3d 466 (2d Cir. 2001) ..................................................... 7
Moussa Hassanein v. Gino's Italian Rest., 2016 U.S. Dist. LEXIS 192793, at *18 (E.D.N.Y. 2016)............................................................................................................. 4
Ortega v. Champion Room BK. Inc., 2023 U.S. Dist. LEXIS 145790, *19 (E.D.N.Y. 2023)............................................................................................................. 9
Popat v. Levy, 328 F.Supp.3d 106 (W.D.N.Y. 2018)..................................................................... 4
Rivera v. Ndola Pharmacy Corp., 497 F.Supp.2d 381 (E.D.N.Y. 2007)....................................... 8
Rose v. Goldman, Sachs, & Co., Inc., 163 F.Supp.2d 238 (S.D.N.Y. 2011) ................................ 7
St. Jean v. Orient-Express Hotels, Inc., 963 F.Supp.2d 301 (S.D.N.Y. 2013) .............................. 4
Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, (2d Cir. 2003)................................................... 6

## Statutes

28 U.S.C. § 1331........................................................................................................................ 10
NYLL § 194.................................................................................................................................. 7
NYLL § 195.............................................................................................................................. 7, 11

## PRELIMINARY STATEMENT

Defendants Bolex GC Corp. and Boris Babakhanov (collectively the "Bolex Defendants"). submit this reply memorandum of law in further support of their motion (a) to dismiss claims against the Bolex Defendants asserted in the Second Amended Complaint (the "Complaint"), (b) staying Plaintiff's Title VII claims until her Non-Federal claims are adjudicated in State Court, to the extent they survive dismissal, and (c) granting such further relief as deemed just and proper.

## ARGUMENT

### POINT I - PLAINTIFF CANNOT DEFEAT DISMISSAL OF HER DISCRIMINATION/RETALIATION CLAIMS AGAINST THE BOLEX DEFENDANTS

Plaintiff concedes that an employee-employer relationship is a necessary element to sufficiently plead claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), yet argues that she can proceed against the Bolex Defendants although they were not her formal employer. Plaintiff's argument cannot withstanding legal scrutiny as she fails to allege adequate facts establishing (1) employer coverage; and/or (2) that Bolex Defendants can be held liable under any cognizable legal theory. Therefore, her discrimination and retaliation claims against the Bolex Defendants cannot survive and must be dismissed.

#### A. The Complaint Lacks Adequate Facts to Establish Employer Coverage[1]

Plaintiff first argues that she has adequately alleged facts establishing that the Bolex Defendants can be considered covered employers as defined by Title VII, the NYSHRL and the NYCHRL - that she alleged several times that Bolex had 15 or more employees and was a joint employer with IBX Construction ("IBX"). This position strains credulity.

[1] The Bolex Defendants acknowledge that the NYCHRL covers employers of all sizes for gender-based harassment.

Critically, the Complaint is completely silent with respect to the number of employees directly employed by Bolex and only alleges employer coverage in a conclusory manner. At best, Plaintiff alleges that she had approximately 10 to 20 co-workers performing framing services and observed an additional 15 to 20 laborers working for other non-party subcontractors. (Dkt. No. 29, ¶¶ 31-32). Tellingly, she does not allege that Bolex directly employed any of these individuals.

Plaintiff also posits that the number of employees working for Bolex, IBX and/or other subcontractors can be aggregated to establish employer coverage. However, she fails to address the lack of allegations concerning (1) what entity employed the framing workers, (2) whether there were at least 15 framing workers during each workday in each of the 20 or more calendar weeks preceding the alleged misconduct and (2) Bolex's joint employer status with any other subcontractors. This sounds the death-knell for her argument.

Instead, Plaintiff only cites inapposite precedent for the general proposition that the employees of joint employers can be aggregated for purposes of establishing Title VII employer coverage. See Dias v. Cmty. Action Project, Inc., 2009 U.S. Dist. LEXIS 17562 (E.D.N.Y. 2009)(discussing that plaintiff asserted enough facts to adequately allege that the corporate defendants were joint employers); Ingenito v. Riri USA, Inc., 2013 U.S. Dist. LEXIS 27333 (E.D.N.Y. 2013)(permitting amendment of the complaint at the summary judgment stage to add a foreign corporate parent, holding, *inter alia*, that the single employer doctrine applies for establishing Title VII coverage where the employee is employed by a U.S. subsidiary that is wholly owned and appears to be controlled by a foreign parent). Unlike in Dias and Ingenito, Plaintiff has not met the pleading standard with respect to joint employer status as discussed in Point I(B), but instead admits that Bolex and IBX engaged in a general contractor/sub-contractor relationship.

Accordingly, Plaintiff cannot establish employer coverage.

**B. Bolex and IBX Were Not Joint Employers**

Next, Plaintiff, without any supportable basis, claims that she alleges enough facts to establish that the Bolex and IBX were joint employers. Instead, she cites to various cases as to the general standard for establishing joint-employer status.

For instance, she relies on Felder v. United States Tennis Ass'n, 27 F.4th 834, 838 (2d Cir. 2022). The Felder court dismissed the claims against the alleged joint employer because plaintiff's complaint was devoid of any allegations "that the entity would have exercised significant control over the terms and conditions of his employment" (e.g. training, supervising, and issuing his paychecks). This is exactly the situation here. Plaintiff has failed to allege any such facts. At best, Plaintiff alleges that Bolex Defendants had a daily presence at the construction site, regularly conferred with IBX's owner and employees and monitored work at the site, but this is insufficient.

Plaintiff also concludes, without analysis, that she adequately alleges that the Bolex Defendants were employers pursuant to the "immediate control test" (i.e. control over hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance and payroll). See Chavannes v. Bronx Parent Hous. Network, Inc., 2022 U.S. Dist. LEXIS 163258, at *3 (S.D.N.Y. 2022). However, the Complaint is devoid of any allegations that Bolex maintained such control with respect to Plaintiff's employment with IBX. Plaintiff solely sets forth in conclusory fashion that Babakhanov had the required authority., which is inadequate to demonstrate sufficient control to impute liability on Bolex for IBX's actions.

Lastly, Plaintiff cites numerous non-analogous cases for the proposition that a determination of joint employer status is better suited for summary judgment than a motion to

dismiss. In those cases plaintiffs alleged sufficient facts in the Complaint that, if true, would lead to a finding of joint employer status, whereas Plaintiff here has not.[2]

Accordingly, Plaintiff has failed to adequately allege that Bolex was a joint employer.

**C. There Are No Allegations That the Bolex Defendants Participated In Any Misconduct**

Next, Plaintiff argues that the Bolex Defendants can be held liable because they "were aware of the rampant sexual harassment which Plaintiff faced."

In support of this position, Plaintiff cites to the NYCHRL's strict liability on employers for unlawful harassment of a supervisor, regardless of the employer's knowledge. This argument presumes that employer status can be bestowed upon and that Verdi was employed by Bolex. However, as Plaintiff alleges, Verdi owned and operated IBX (i.e. he was not employed by Bolex) and there are no allegations that Verdi was a supervisor for Bolex. Additionally, Plaintiff cites no legal support that Babakhanov can be held liable under this theory.

[2] See, Huan Wang v. Air China Ltd., 2019 U.S. Dist. LEXIS 97160 (E.D.N.Y. 2019)(alleged joint employer directed and controlled scheduling, activities and discipline of the direct employers employees and that the direct employer's owners and employers worked exclusively for the joint employer); Popat v. Levy, 328 F.Supp.3d 106 (W.D.N.Y. 2018)(plaintiff plausibly alleged enough facts that the joint employer and its employees maintained some control over the supervision, discipline, hiring, and firing of the direct employer's employees, including plaintiff); Moussa Hassanein v. Gino's Italian Rest., 2016 U.S. Dist. LEXIS 192793, at *18-19 (E.D.N.Y. 2016)(plaintiff valet attendants adequately pled joint employer liability based on allegations they were employees of the establishments they are assigned to by their direct employer as they provide essential services … and are directly related to their operation); St. Jean v. Orient-Express Hotels, Inc., 963 F.Supp.2d 301 (S.D.N.Y. 2013)(plaintiff submitted an affidavit naming several employees of her direct employer that reported to the alleged joint employer via email and phone, and also alleged specific facts as to how her employer's major employment decisions such as hiring/firing along with marketing/sales were handled by the alleged joint employer); Barbosa v. Continuum Health Partners, Inc., 716 F Supp 2d 210, 219 (S.D.N.Y. 2010)(plaintiff alleged joint employer operated, managed and controlled the other defendants and that she attempted to contact the alleged joint employer about her situation); Ayala v. Metro One Sec. Sys., Inc., 2011 U.S. Dist. LEXIS 42325 (E.D.N.Y. 2011)(denying motion to dismiss because plaintiff pled sufficient facts to state a facially plausible basis for relief – she claims that the companies share a single chief executive office and common office space, the controlling shares of the companies' stock are commonly owned, she was offered a transfer from one company to the other which could lead to the inference of shared hiring practices); Dias, 2009 U.S. Dist. LEXIS 17562 at *17(plaintiff alleged specific facts how the corporate defendants jointly handled certain aspects of the employment relationship including: (1) a website listing the entities as related, (2) the parent entity had authority over the other's employees and was instrumental in plaintiff's termination and (3) specifics as to control exerted by the parent entity's Executive Director over the other entity's personnel).

Next, Plaintiff claims that the facts in this matter are akin to those in E.E.O.C. v. Skanska, 550 F. App'x 253 (6th Cir. 2013), where the Sixth Circuit found that while a general contractor was not a direct employer, it was liable under Title VII for the sexual harassment/discrimination engaged in by a subcontractor. Skanska is not-binding and is inapposite because the general contractor had an intense supervisory role (e.g. the power to remove operators from the jobsite).

In this matter, Plaintiff argues that she alleges that the Bolex Defendants exercised absolute control at the jobsite, but there are no such factual allegations with respect to the Bolex Defendants in her Complaint. In an attempt to deflect from these factual infirmities, Plaintiff argues that IBX had no supervisory role over her work for the first month of her employment because Verdi was on vacation. This is nonsensical because Plaintiff alleges that it was after that time period when Verdi himself engaged in the alleged unlawful conduct. Critically, however, there are absolutely no allegations that Babakhanov or any other agent of Bolex engaged in any wrongdoing.

Lastly, Plaintiff argues that it is inappropriate for the Court to rule on this issue at the pleading stage, but cites no legal support for this position. Regardless, this would only be the case if Plaintiff plausibly alleged that the Bolex Defendants were involved in the alleged misconduct in the first place, which she has not.

## POINT II - PLAINTIFF CANNOT DEFEAT DISMISSAL OF HER NYLL CLAIMS

### A. Plaintiff Has Not Alleged An Employment Relationship With the Bolex Defendants

Plaintiff does not dispute that the "economic reality" test governs whether an employment relationship exists for purposes of the NYLL, but sets forth that the Second Circuit has articulated two (2) tests for determining an employment relationship (i.e. formal and functional control tests).

As to the test for formal control, Plaintiff generally cites to the "Carter factors" as discussed in the Bolex Defendants' initial memorandum of law.

With respect to the functional control test, Plaintiff cites to factors enumerated in Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 71-72 (2d Cir. 2003) that are analyzed in subcontractor cases. These factors include, *inter alia*,

> (1) whether [the alleged employers'] premises and equipment were used for the plaintiffs' work; (2) whether the [subcontractors] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the alleged employers'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employers].

Id. at 72.

Despite correctly listing the Carter and Zheng factors, Plaintiff does not articulate how her allegations satisfy the tests. Yet she concludes that she alleges "sufficient facts to support the theory that the Bolex Defendants are her employer under the broad definition of employer under the NYLL" (i.e. "numerous separate factual allegations regarding Bolex Defendants control over Plaintiff").

However, the Complaint allegations fall woefully short of the pleading standard with respect to the Carter factors as outlined in the Bolex Defendants' initial memorandum of law.

Similarly, the facts allege do not satisfy the Zheng test. Specifically, the Complaint alleges that Bolex Defendants were a general contractor, but there are no allegations that they owned the premises where Plaintiff worked or provided any equipment to her. Additionally, Plaintiff admits that IBX was a subcontractor that shifted as a unit. Furthermore, Plaintiff alleges that IBX was subject to its own subcontract and there are no allegations as to whether IBX's obligations could be transferred without any material changes. There are also no facts alleged as to how the Bolex Defendants supervised Plaintiff's work other than site-safety requirements. Also, Plaintiff worked exclusively for IBX, not Bolex, and could have performed work for IBX at any other job-site.

Accordingly, the Court should reject Plaintiff's argument and dismiss her NYLL claims with respect to the Bolex Defendants.[3]

**B. Plaintiff's Equal Pay Claim Must Be Dismissed**

Plaintiff solely cites to precedent concerning the relevant standard to sufficiently plead a claim pursuant to the New York State Equal Pay Act, NYLL § 194. Tellingly, she does not analyze how her allegations meet the pleading standard. Even worse, the caselaw she cites undermines any argument that she has pled sufficient facts. For instance, Lavin-McEleney v. Marist Coll., 239 F.3d 466 (2d Cir. 2001) concerned an appeal of a jury verdict and judgment finding that defendant violated the federal Equal Pay Act. Moreover, Rose v. Goldman, Sachs, & Co., Inc., 163 F.Supp.2d 238, 243 (S.D.N.Y. 2011) supports the Bolex Defendants' position because the Rose court dismissed federal and state equal pay claims where the complaint "contain[ed] nothing more than bald assertions that she and male employees … received disparate wages for substantially equal jobs under similar working conditions." Here, Plaintiff admits that she has no idea what other employees were paid, yet baldly claims that she was paid disparate wages for the same work as male comparators. As discussed in Rose, this warrants dismissal of Plaintiff's NYLL § 194 claim.

**C. Plaintiff Concedes She Lacks Article III Standing To Pursue NYLL § 195 Claims**

Plaintiff's does not oppose the Bolex Defendants' argument that she has failed to allege a sufficient injury giving rise to Article III jurisdiction to proceed in Federal Court with her NYLL 195 claims. Thus, she has waived any opposition to this argument. See Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd., 2014 U.S. Dist. LEXIS 116313, at *4 (E.D.N.Y. 2014)(dismissing claims

[3] Yet again, Plaintiff argues that this issue is better suited for summary judgment once discovery has been conducted citing to Cano v. DPNY, Inc., 287 F.R.D. 251 (S.D.N.Y. 2012). However, in Cano, the court held that the plaintiff alleged enough as to joint employer status to survive a motion to dismiss (i.e. the alleged joint employer/franchisor promulgated compensation policies through a system used at the direct employer/franchisee's store which also included a system for tracking hours and wages along with retaining payroll records, along with additional specific facts as to that defendant's control). Here, Plaintiff's allegations with respect to the Bolex Defendants are conclusory and speculative at best. They are nowhere near akin to those in Cano and certainly fall short of the pleading standard.

against two defendants because "[p]laintiff...waived any opposition with respect to [defendants'] argument [for dismissal] by failing to oppose the...motion [to dismiss] on that basis").

**POINT III - THE COURT LACKS AND/OR SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER HER STATE/CITY LAW CLAIMS**

**A. Supplemental Jurisdiction Does Not Exist With Respect to Plaintiff's NYLL Claims**

Plaintiff contends that the Court has supplemental jurisdiction over all her claims because the "Title VII claims based on sexual harassment and retaliation, derive from the same common nucleus of fact as her NYLL wage claims." This could not be farther from reality.

Despite her arguments to the contrary, Plaintiff's Title VII claims are solely based on sexual harassment (e.g. romantic advances and unwanted touching), resulting in her demotion and eventual termination. In contrast, her NYLL claims are based on a failure to pay all wages owed, record-keeping violations and Plaintiff being paid less than male comparators. Thus, there is insufficient connective tissue between these untethered claims.

Plaintiff relies on Rivera v. Ndola Pharmacy Corp., 497 F.Supp.2d 381, 393 (E.D.N.Y. 2007) for the proposition that supplemental jurisdiction is typically appropriate for employment-related claims "because those claims arise from the same underlying factual basis." In Rivera the court exercised supplemental jurisdiction over NYSHRL and NYCHRL discrimination claims with respect to a single individual defendant where the only federal claim was for unpaid wages pursuant to the FLSA. The court reasoned that the sexual harassment claims were "intricately connected to her FLSA overtime claim because it is directly linked to her allegations that her wages were $500 per week" (i.e. she was given a raise to $500 per week in order to accompany the alleged harasser to meals). At the same time, the Rivera court held that plaintiff's employment relationship alone was otherwise insufficient to create a "common nucleus of operative fact" between sexual harassment (and other state-law claims) that occurred after the period covered by her FLSA

overtime claim. Here, unlike in Rivera, there are absolutely no allegations that Plaintiff's NYLL claims arose because of the sexual harassment and/or retaliation she purportedly endured.

Plaintiff also relies on Fallon v. 18 Greenwich Ave., LLC, 2021 U.S. Dist. LEXIS 54640, at *19 (S.D.N.Y. 2021) for a similar proposition. Fallon concerned a multi-plaintiff FLSA/NYLL wage case where the court exercised supplemental jurisdiction over a particular plaintiff's NYLL claims although his FLSA claims were time-barred. There, the court ruled that the NYLL claim still derived from a common nucleus of facts as the remaining FLSA claims asserted by other plaintiffs and that dismissal would defeat judicial economy and comity. This is a far cry from the instant facts before the Court, as this is a single-plaintiff case and no FLSA claims are at issue.

Furthermore, Plaintiff's reliance on Ortega v. Champion Room BK. Inc., 2023 U.S. Dist. LEXIS 145790, *19-20 (E.D.N.Y. 2023) is similarly misplaced. The Ortega court did not reach the issue of whether plaintiff's NYLL claims derived from a common nucleus of facts from a Title VII claim because plaintiff sought leave to add a federal wage claim pursuant to the FLSA that derived from the same set of facts. Here, Plaintiff has not alleged nor sought to add FLSA claims.

Accordingly, the Court lacks supplemental jurisdiction over Plaintiff's NYLL claims.

**B. The Court Should Decline Supplemental Jurisdiction Over The Non-Federal Claims**

Plaintiff contends that a separate state court action on her NYSHRL and NYCHRL claims would only result in confusion/duplicative litigation and goes against the values of judicial economy, convenience, fairness, and comity. Plaintiff provides absolutely no analysis for her argument and solely cites International Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC, 470 F.Supp.2d 345, 357-58 (S.D.N.Y. 2007) for the position that retaining jurisdiction over state and local claims avoids the potential for duplicative litigation over the same conduct. In International Healthcare, Plaintiff only filed Title VII, NYSHRL and NYCHRL claims. Unlike in

that case, Plaintiff not only seeks relief under Title VII, the NYSHRL and NYCHRL, but additional state and city claims which are also subject to dismissal on jurisdictional grounds. Thus, it is highly likely that multiple litigations will be required anyway, so it would not promote judicial economy and comity to retain supplemental jurisdiction over the NYSHRL and NYCHRL.

Lastly, Plaintiff illogically argues that the Bolex Defendants are judicially estopped from asserting a jurisdictional argument because they removed this matter from State Court. Plaintiff provides no legal support for the proposition that judicial estoppel applies to a supplemental jurisdiction defense where a case has been removed to Federal Court. To the contrary, judicial estoppel requires that a party make a factual representation that is inaccurate or inconsistent with a position in a prior proceeding. See In re Adelphia Recovery Tr., 634 F.3d 678, 695-96 (2d Cir. 2011). Supplemental jurisdiction is a legal, not factual, issue. Plaintiff's argument is also disingenuous. The Bolex Defendants asserted that the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because the Summons with Notice stated claims pursuant to, *inter alia*, Title VII, the Equal Pay Act of 1963 and the FLSA, over which the Court has original jurisdiction. (Dkt. # 1). Based on the Summons with Notice, this supplemental jurisdiction argument would have been futile because the NYLL is the state analog to the Equal Pay Act of 1963 and FLSA. However, Plaintiff never alleged causes of action pursuant to the Equal Pay Act of 1963 or the FLSA, but instead only sought relief for such conduct pursuant to the NYLL. As such, this procedural defect arose, leading to this branch of the motion and it was therefore impossible for the Bolex Defendants to have taken a prior inconsistent position on the matter.[4]

[4] Bolex Defendants' motion was also set forth with respect to all Non-Federal claims including Plaintiff's NYLL claims, to the extent the Court rules that supplemental jurisdiction exist (i.e. they predominate over the Title VII claims). However, Plaintiff does not address the predomination issue with respect to any Non-Federal Claims or the fact that judicial economy/comity does not exist for her NYLL claims due to the lack of Article III jurisdiction over her NYLL § 195 claims. This is tantamount to waiver. Gorfinkel, 2014 U.S. Dist. LEXIS 116313, at *4

**POINT IV - PLAINTIFF CONCEDES THAT HER TITLE VII CLAIMS SHOULD BE STAYED IN THE EVENT THE COURT DISMISSES HER NON-FEDERAL CLAIMS**

Plaintiff fails to address the argument that the Title VII claims, to the extent they survive dismissal, should be stayed until the Non-Federal claims are adjudicated in State Court. This is tantamount to waiver of the argument which should be granted in the Bolex Defendants' favor. See Gorfinkel, 2014 U.S. Dist. LEXIS 116313 at *4.

## CONCLUSION

For the foregoing reasons, the Bolex Defendants respectfully request that the Court dismiss the SAC against them and grant such other and further relief as deemed just and proper.

Dated: Lake Success, New York
October 11, 2023

**MILMAN LABUDA LAW GROUP, PLLC**

Matthew A. Brown, Esq.
Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
Attorneys for *Bolex GC Corp. & Boris Babakhanov*
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899