# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.504.8363

Fax. 212.473.8705

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

January 31, 2024

**VIA ECF**
The Honorable Magistrate Judge Taryn A. Merkl
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: **Erica Alejandra Gonzalez Porras v. IBX Construction, et al.**
       **Case No.: 1:23-cv-01195-AMD-TAM**

Dear Magistrate Judge Merkl:

  This firm represents Plaintiff Erica Alejandra Gonzalez Porras ("Plaintiff") in the above- referenced matter. Plaintiff respectfully submits this letter to update this Court on the status of service on Defendants IBX Construction ("Defendant IBX") and Adriano Cassiano Ramos Verdi ("Defendant Verdi") (collectively, "Defendants"), to request a conference regarding the service issues, and to respectfully request additional time to serve Defendants IBX and Verdi to and until February 29, 2024.

  Plaintiff has been attempting to serve the Defendants since September 22, 2022, and since her last letter to this Court [Dkt No. 35] where Plaintiff explained all her efforts to serve the Defendants, Plaintiff has now attempted to serve Defendants on a total of Nineteen (19) different occasions at eleven (11) separate addresses and unfortunately has not been able to effectuate service.

  Plaintiff's last letter to this Court [Dkt. No. 45] explained her continuous efforts to effectuate service on Defendants. Plaintiff would like to now explain additional efforts she has made to effectuate service on Defendants. Since the last letter to this Court, Plaintiff again hired United Process Service, Inc. ("United") to run new skip traces to find an address where Defendants could be served. Attached as **Exhibit A** is the email from United. However, United informed Plaintiff's counsel's office that "There isn't much on this person and it appears you've attempted most of these addresses." Plaintiff has not been able to obtain an address where Defendants can be served. At this point, Plaintiff has run out of options and has exhausted her resources.

To this date, Plaintiff has not been able to serve the Defendants despite her continuous efforts. Plaintiff hired five (5) different companies to try to obtain addresses, complete service attempts, and run skip traces for Defendants. Plaintiff's counsel's office was also able to identify multiple lawsuits against Defendant Verdi and his companies where the matters were dismissed for lack of prosecution due to the Plaintiffs not being to serve or locate Defendant Verdi and his companies [A1 Framing Contractors, A_1 Framing Building LLC and AYG Framing Contractors LLC]. Plaintiff was able to speak to one of the Plaintiff's in a lawsuit against Defendant Verdi who stated that he is nowhere to be found and he too is struggling to locate and serve Defendant Verdi in his lawsuit. To this date, Plaintiff has also incurred $6,082.78 in expenses trying to locate and serve the Defendants.

## **AN EXTENSION OF TIME IS WARRANTED FOR GOOD CAUSE**

It is respectfully submitted that an extension of time pursuant to FRCP Rule 4(m) should be granted. FRCP Rule 4(m) "governs…extensions of the time in which service mat be effected." Zapata v. City of New York, 502F.3d 192, 195 (2d Cir. 2007). Under Rule 4(m):

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In determining whether a plaintiff has shown "good cause" for failure to effectuate timely service, courts consider (1) the reasonableness and diligence of Plaintiff's efforts to serve process, and (2) the prejudice to the defendants from the delay. **See** *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)(quoting *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y.1999)(internal quotation marks omitted.)).

Here, Plaintiff has exercised diligence in attempting to obtain the contact information necessary to serve Defendants IBX and Verdi and has attempted to serve the Defendants on Nineteen (19) different occasions but has been prevented from doing do by circumstances beyond her control. Further, there is no prejudice to any of the Defendants due to the delay in service.

This is Plaintiff's eighth request for such an extension of time.

We thank the Court for its time and attention to this matter and its consideration of this request.

                                                  Respectfully submitted,

                                                  GODDARD LAW PLLC
                                                  *Attorney for Plaintiff*

                                                  By: *Megan S. Goddard*

cc: All Counsel of Record [*Via ECF*]              Megan S. Goddard, Esq.