# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.504.8363

Fax. 212.473.8705

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

March 6, 2024

**VIA ECF**
The Honorable Magistrate Judge Taryn A. Merkl
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  **Erica Alejandra Gonzalez Porras v. IBX Construction, et al.**
> **Case No.: 1:23-cv-01195-AMD-TAM**

Dear Judge Merkl:

This firm represents Plaintiff Erica Alejandra Gonzalez Porras ("Plaintiff") in the above-referenced matter. Plaintiff respectfully submits this letter to update this Court on the status of service on Defendants IBX Construction ("Defendant IBX") and Adriano Cassiano Ramos Verdi ("Defendant Verdi") (collectively, "IBX Defendants"), to request a conference regarding the service issues, and to respectfully request additional time to serve Defendants IBX and Verdi to and until April 5, 2024 as well as for leave to serve them by alternative service under Federal Rule of Civil Procedure 4(e).

Plaintiff has been attempting to serve the Defendants since September 22, 2022, and since her last letter to this Court [Dkt No. 46] where Plaintiff explained all her efforts to serve the IBX Defendants, Plaintiff has now attempted to serve Defendants on a total of nineteen (19) different occasions at eleven (11) separate addresses and unfortunately has not been able to effectuate service. Plaintiff's last letter to this Court [Dkt. No. 46] explained her continuous efforts to effectuate service on Defendants. Subsequent to the last grant of an extension, Plaintiff performed one additional skip trace, which showed only addresses where service had previously been attempted.

As articulated in previous letters to the Court, Plaintiff has engaged in exhaustive efforts to serve the Defendants. Plaintiff has further incurred $6,082.78 in expenses trying to locate and serve the Defendants with no success. After Plaintiff hired and maintained constant communication with United Process Service, Inc. ("United") and five (5) different companies to try obtaining addresses, complete service attempts, and run skips traces for Defendants, and has attempted service at all addresses found. Since her previous request was granted, Plaintiff has concluded that all possible means of locating the IBX Defendants for traditional service have, in fact, been exhausted.

## AN EXTENSION OF TIME IS WARRANTED FOR GOOD CAUSE

It is respectfully submitted that an extension of time pursuant to FRCP Rule 4(m) should be granted. FRCP Rule 4(m) "governs…extensions of the time in which service mat be effected." Zapata v. City of New York, 502F.3d 192, 195 (2d Cir. 2007). Under Rule 4(m):

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In determining whether a plaintiff has shown "good cause" for failure to effectuate timely service, courts consider (1) the reasonableness and diligence of Plaintiff's efforts to serve process, and (2) the prejudice to the defendants from the delay. **See** *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)(quoting *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y.1999)(internal quotation marks omitted.)).

Here, Plaintiff has exercised diligence in attempting to obtain the contact information necessary to serve Defendants IBX and Verdi and has attempted to serve the Defendants on Nineteen (19) different occasions but has been prevented from doing do by circumstances beyond her control. Further, there is no prejudice to any of the Defendants due to the delay in service.

## ALTERNATIVE SERVICE IS WARRANTED DUE TO THE EXHAUSTION OF ALL OTHER MEANS

Plaintiff moved once previously for alternative service pursuant to Rule 4(3). [Dkt No. 13]. The Court denied this request as premature on April 6, 2023, in a text-only order. Plaintiff respectfully submits that, at this point, eleven months afterwards and after numerous attempts to effect service via traditional means, this request is no longer premature.

Rule 4(e) permits service of a complaint upon an individual pursuant to state law. Under New York law, where traditional methods of service are impractical, a court, upon motion without notice, may direct a more practical manner of service. New York Civil Practice Law and Rules § 308(5). To effect alternative service, a plaintiff must demonstrate that traditional means of service were "impracticable." *S.E.C. v. Nnebe*, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (collecting cases and finding a sufficient showing of impracticability in order to effect alternative means of service). "Whether traditional service is impracticable depends on the facts and circumstances of the case, but it does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Shamoun v. Mushlin*, 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (internal citations and quotations omitted). Where the usual methods of service are found impracticable, "[t]he Court may permit service by any other method that is

2

reasonably calculated, under all the circumstances, to apprise the interested party of the pendency of the action." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 2022 WL 1046767, at *4 (S.D.N.Y. Apr. 6, 2022) *adopted by*, 2022 WL 1266741 (S.D.N.Y. Apr. 28, 2022) (internal citations omitted). "In shaping an appropriate method for alternate service, the Court must ensure that the alternate method complies with 'constitutional notions of due process' by being 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013)).

Courts have permitted service by text message, or the use of text messaging as notification in conjunction with other notification efforts, where such service is "reasonably calculated to provide Defendant notice of the pending action consistent with the intent of Rule 4 of the Federal Rules of Civil Procedure." *Ross v. Dejarnetti*, 2019 WL 8301676, at *6 (E.D. La. Aug. 23, 2019) (permitting service by text message and email); *see also Marvici v. Roache Facilities Maintenance LLC*, 2021 WL 5323748, at *5 (S.D.N.Y. Oct. 21, 2021) (finding that service by certified mail was problematic since plaintiffs knew defendant did not actually live or work at subject address, but permitting such service in addition to service by text message that plaintiff showed would likely reach defendant, because courts in this district approve "multi-prong approaches" to service); *F.T.C.*, 2013 WL 841037, at *5-6 (approving service, in 2013, by combination of email and Facebook); *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 716 (Sup. Ct. New York Cnty. 2015) (permitting service by Facebook and directing plaintiff to advise defendant by phone call and text message of such service).

As set in detail forth above, pursuant to the rules of civil procedure and in the interest of ensuring due process, traditional means of service have been exhausted within the bounds of conventional methods. In light of these circumstances, and in the interest of advancing the proceedings, we respectfully request permission to serve IBX Defendants by a combination of text message to a cell phone number (201) 719-0494 that Defendant Verdi, who is the owner and principal of Defendant IBX Construction, used to communicate with Plaintiff about her work, and certified mail to all addresses at which service was previously attempted.

This is Plaintiff's ninth request for an extension of time in which to serve IBX Defendants.

This is Plaintiff's second request for alternative service.

We thank the Court for its time and attention to this matter, its consideration of this request, and apologize for filing this request on such short notice.

Respectfully submitted,

GODDARD LAW PLLC
*Attorney for Plaintiff*

By: *Megan S. Goddard*
Megan S. Goddard, Esq.

cc: All Counsel of Record [*Via ECF*]

3